UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID REX SHAMBLEN,

         Petitioner,         Case No. 1:09-cv-556

v.         Honorable Robert Holmes Bell

WILLIE O. SMITH,

         Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

          Petitioner David Rex Shamblen presently is incarcerated at the Ionia Maximum Correctional Facility. He currently is serving eleven concurrent terms of two years and ten months to fifteen years, imposed by the Ingham County Circuit Court on April 16, 2008, after Petitioner pleaded guilty as a fourth felony offender, MICH. COMP. LAWS § 769.12, to eight counts of writing checks without an account or sufficient funds, MICH. COMP. LAWS § 750.131a(1); one count of illegally selling or using a financial transaction device (a credit card), MICH. COMP. LAWS § 750.157q; one count of stealing or unlawfully retaining a financial transaction device, MICH. COMP. LAWS § 750.157n(1); and one count of unlawfully possessing a financial transaction device, MICH. COMP. LAWS § 750.157p.

        Petitioner sought leave to appeal his convictions and sentences in both the Michigan Court of Appeals and the Michigan Supreme Court, raising the same two grounds he raises in the instant habeas petition:

    I.     THE TRIAL COURT LACKED JURISDICTION TO TRY THE CASE.

    II.    THE TRIAL COURT ERRED BY PERMITTING A NON-VICTIM TO ADDRESS THE COURT AGAINST THE DEFENDANT.

(Am. Pet. at 6-7, docket #4.) In an unpublished order issued November 10, 2008, the court of appeals denied the delayed application for leave to appeal for lack of merit in the grounds presented. The supreme court denied leave to appeal on March 23, 2009.

## Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams v. Taylor*, 529 U.S. 362, 413 (2000)); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

Where the state court has not articulated its reasoning, the federal courts are obligated to conduct an independent review to determine if the state court's result is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *See Harris*, 212 F.3d at 943; *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003). Where the circumstances suggest that the state court actually considered the issue, the review is not *de novo*. *Onifer*, 255 F.3d at 316. The review remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *Harris*, 212 F.3d at 943.

### A. Ground One

In his first ground for habeas relief, Petitioner asserts that the state court lacked subject matter jurisdiction to try his case for two reasons: (1) the arrest warrant and the criminal complaint were not supported by an adequate affidavit; and (2) the return to circuit court was not properly endorsed by the circuit court clerk as required by MICH. CT. R. 8.119(D)(1)©.

First, to the extent Petitioner challenges the adequacy of the circuit court return under state law, his claim is not cognizable on habeas review. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7

(1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Second, to the extent Plaintiff challenges the adequacy of the arrest warrant under the federal constitution, his claim is foreclosed by his guilty plea. It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York*, 423 U.S. 61 (1975). A guilty plea constitutes a "break in the chain of events" leading up to it. *Tollett*, 411 U.S. at 267. Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266 (holding that, after a criminal defendant pleads guilty, he may not challenge the constitutionality of the selection of the grand jury that indicted him). The only claims not barred by the guilty plea are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267.

Petitioner asserts that his claim is not barred by *Tollett* because the inadequacy of the affidavit supporting the warrant and complaint prevented the state court from acquiring jurisdiction over the matter. Petitioner's claim is without merit.

As with the petitioner's challenge to the selection of the grand jury in *Tollett*, Petitioner's challenge to his arrest warrant is a challenge to an antecedent event foreclosed by the entry of a guilty plea. *Tollett*, 411 U.S. at 266; *see also United States v. Anderson*, 293 F. App'x 960 (3d Cir. 2008) (applying *Tollett* and holding that entry of a guilty plea forecloses subsequent attack on adequacy of arrest warrant). Were the court to accept Petitioner's characterization of the issue as a jurisdictional one, the exception would swallow the rule of *Tollett*. *See United States v. Cordero*, 42 F.3d 697, 699 (1st Cir. 1999) (rejecting the appellant's characterization of a Fourth Amendment challenge to a search warrant as jurisdictional). Instead, a jurisdictional challenge under *Tollett* is limited to claims such as double jeopardy, which would completely bar a state from haling a defendant into court. *See Menna*, 423 U.S. at 62. No such jurisdictional defect is alleged here.

Therefore, Petitioner's challenge to the arrest warrant and complaint is foreclosed by his guilty plea. Applying independent review, the state court's rejection of Petitioner's appeal on this claim constituted a wholly reasonable application of established Supreme Court precedent. *See Harris*, 212 F.3d at 943; *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003).

### B. Ground Two

In his second ground for habeas relief, Petitioner argues that the sentencing court violated the Michigan Crime Victim Rights Act, MICH. COMP. LAWS § 780.752, by allowing a non-victim to testify at his sentencing hearing. As previously discussed, questions of state law are not cognizable on habeas review. *See Bradshaw*, 546 U.S. at 76; *Estelle*, 502 U.S. at 68 (1991); *Pulley*, 465 U.S. at 41. Petitioner's argument in this Court, as in the state courts, rests solely on an alleged error of state law. His second ground for relief therefore is not cognizable on habeas review.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: July 15, 2009					/s/ Robert Holmes Bell
							ROBERT HOLMES BELL
							UNITED STATES DISTRICT JUDGE